REQUESTED BY: Dear Senator Wesely:
By your letter dated February 27, 1980, you have requested the opinion of this office regarding the constitutionality of LB 990. Specifically, your concern is whether the rule-making authority contained in this bill is an unconstitutional delegation of authority on the part of the Legislature.
LB 990 provides for the adoption of the Nebraska Lighting and Thermal Efficiency Act. Section 5 of this act requires the State Energy Office to adopt standards imposing requirements for lighting and thermal design. The bill requires each standard to be:
 ". . . reasonably consistent with a standard published by one or more of the following: The International Conference of Building Officials, the National Bureau of Standards, the United States Department of Energy, the Council of American Building Officials, the American Society of Heating, Refrigeration, and AirConditioning Engineers, Incorporated, or the National Conference of States on Building Code and Standards, Incorporated."
Section 5 further requires these standards be taken in context and be internally consistent, as well as:
 ". . . consistent with all national energy conservation goals established by the President of the United States by executive order and all National Energy Conservation goals established by act of Congress."
The stated purpose of these standards is to prevent the unnecessary wasting of energy, without unreasonably increasing construction costs. The standards and any amendments thereto are to be adopted pursuant to Chapter 84, Article 9.
Section 20 of this act makes failure to comply with these standards a Class IV misdemeanor.
The Legislature clearly has the power to authorize an administrative or executive department to make rules and regulations to carry out an expressed legislative purpose, or to provide for the complete operation and enforcement of a law within designated limitations. However, the limitations of the power granted and the standards by which the granted powers are to be administered must be clearly and definitely stated in the authorizing act. See, GilletteDairy Inc. v. Nebraska Dairy Products Board, 192 Neb. 89,100, 219 N.W.2d 214 (1974), and Lincoln Dairy Co. v.Finigan, 170 Neb. 777, 780-81, 104 N.W.2d 227 (1960). In LB 990, the Legislature has not clearly defined the limits within which the Nebraska Energy Office (NEO) must act. There are seven different organizations from whose standards the NEO may select its standards. Internal consistency, as well as consistency with national energy conservation goals is required; but nowhere are these goals defined. There is a broadly stated purpose, but no indication of what standards the NEO must select in relation to that purpose. Despite these attempts to limit and define the delegation of authority in LB 990, it remains vague and overbroad.
In Lincoln Dairy Co. v. Finigan, supra, a very similar delegation of authority was stricken as unconstitutional. In that case, the Legislature purported to grant authority to the Director of the Nebraska Department of Agriculture and Inspection to make regulations which complied generally with the described milk ordinance and code, and further provided that a violation of such regulations constituted a criminal offense with a fixed penalty. The court stated that the effect of that broad delegation of authority was to permit the director to create criminal offenses, inasmuch as the director was empowered to arbitrarily promulgate any regulations he chose if they complied generally with the milk ordinance and code. This, the court emphasized, violated all fundamental concepts relating to the delegation of legislative authority. The power to define crimes and criminal offenses clearly rests in the Legislature and may not be delegated to an administrative agency.
The court, in Lincoln Dairy, supra, stressed that:
 "The public has a right to know what acts constitute crimes in this state and the punishments provided therefor. They may properly assume that crimes and punishment are purely a legislative function and that the definition of all crimes and the punishment therfor will be found in the duly enacted statutes of this state. . . ."
The court noted that it was not holding:
 ". . . that the Legislature may not adopt a law or regulation of another jurisdiction by reference. It may even adopt such except insofar as it is not in conflict with existing laws of this state. But it may not adopt by reference only to the extent that an administrative agency or officer shall see fit to adopt it. To so do is to delegate to the administrative agency or officer the determination of matters which are legislative and, consequently, for the determination of the Legislature." Id. at 784.
Under the provisions of LB 990, the Nebraska Energy Office, and administrative agency, is empowered to promulgate any standards if desires as long as they are taken in context and `reasonably consistent' with the standards of any of seven different organizations. This is impermissible. As the court made clear in Lincoln Dairy, the Legislature may adopt laws or regulations by reference. But, the Legislature may not adopt laws by reference only to the extent an administrative agency sees fit to adopt them. It is therefore, our opinion that the rule (or standard) making authority contained within LB 990 is an unconstitutional and impermissible delegation of authority by the Legislature. (To the same effect is an opinion of this office dated September 17, 1979.)